**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CLP RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1198-M |
| | ) | |
| KENTUCKY BLUEGRASS | ) | |
| CONTRACTING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| KENTUCKY BLUEGRASS | ) | |
| CONTRACTING, LLC, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PPR/LION'S PRIDE CONSTRUCTION | ) | |
| SYSTEMS, LLC; MORGAN BUILDINGS | ) | |
| AND SPAS INC.; BKJ SOLUTIONS, | ) | |
| INC.; TRAVELERS CASUALTY AND | ) | |
| SURETY COMPANY OF AMERICA; and | ) | |
| EMPLOYERS MUTUAL CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**<u>ORDER</u>**

Before the Court are third party defendant Employers Mutual Casualty Company's ("EMCC") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and third party defendant BKJ Solutions, Inc.'s ("BKJ") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, both filed May 19, 2009.  On June 8, 2009, third party plaintiff Kentucky Bluegrass Contracting, LLC ("KBC") filed its responses to EMCC's and BKJ's motions, and on June 19, 2009, EMCC and BKJ filed their combined reply.

I.      Introduction[1]

        BKJ is a contractor who entered into a contract with the United States of America Corp of Engineers to construct certain buildings and housing located on Fort Sill, near Lawton, Oklahoma (the "Project").   On January 30, 2008, EMCC executed a bond in favor of the United States of America with BKJ as principle, covering work on the Project, with a penal sum of $2,241,364.00. Third party defendant Morgan Buildings and Spas, Inc. ("Morgan") contracted with BKJ to provide labor and materials necessary to construct buildings which were the subject matter of the Project. Third party defendant Travelers Casualty & Surety of America caused a surety bond to be issued for Morgan in the penal sum of $3,123,645,50 to secure the performance and payment of all indebtedness generated as a result of the Project.

        Morgan contracted with third party defendant PPR/Lion's Pride Construction Systems, LLC ("PPR") to provide labor and services for the work performed on the Project.   PPR contracted with KBC to perform certain work.   KBC subcontracted with plaintiff CLP Resources, Inc. ("CLP") to also provide work and/or material on the Project.   As a result of the contractual amount, along with various change orders which were entered into, the total sum owed on the contract between PPR and KBC was $304,164.00. $233,219.71 of the contract allegedly remains unpaid and owing by PPR. KBC alleges that it has fully completed and received a Certificate of Substantial Completion of its contract.

        CLP brought suit against KBC, seeking $175,553.94 for workers supplied to KBC on the Project.   KBC then filed its Third Party Complaint, alleging claims of breach of contract, recovery

---

[1]The facts set forth in this introduction are based upon KBC's Third Party Complaint.

against the bonds, and indemnification.  EMCC and BKJ now move this Court, pursuant to Federal

Rule of Civil Procedure 12(b)(6), to dismiss KBC's claims against them for failure to state a claim.[2]

II.      Standard of Review

 The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops short of the
> line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility

of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Id.* (internal quotations and citations omitted).  Finally, "[a] pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a

complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 1949

(internal quotations and citations omitted).

---

[2]EMCC and BKJ alternatively move for summary judgment.  Because this Court finds that
the claims against EMCC and BKJ should be dismissed for failure to state a claim, the Court need
not address EMCC and BKJ's alternative motions for summary judgment.

III.    Discussion

    A.    Breach of contract claim against BKJ

BKJ asserts that there is no privity of contract between BKJ and KBC and that BKJ's contract with the United States of America Corp of Engineers does not reveal any intention to confer a benefit upon KBC or any other third party.  In its response, KBC contends that it has stated a claim for breach of an implied contract or quasi-contract.

> In order to raise an implied contract to pay for services, several things are necessary. . . . First, the services must have been performed under such circumstances as to give the recipient thereof some reason to think they are not gratuitous, nor performed for some other person, but with the expectation of compensation from the recipient. . . . Second, in order to raise an implied contract to compensate for them, the services must have been beneficial to the person sought to be made liable.

*Popplewell v. Gregory*, 189 P.2d 941, 942 (Okla. 1947) (internal quotations and citation omitted). A quasi-contract "is an implication of law" and "is a mere fiction, imposed in order to adapt the case to a given remedy."  *T & S Inv. Co. v. Coury*, 593 P.2d 503, 504 (Okla. 1979).

Having carefully reviewed KBC's Third Party Complaint, the Court finds that KBC has not alleged sufficient factual matter, accepted as true, to state a breach of contract claim against BKJ that is plausible on its face.  Specifically, the Court finds that KBC's Third Party Complaint is devoid of any factual allegations which could plausibly establish either an implied contract or a quasi-contract between KBC and BKJ.  While KBC sets forth numerous factual allegations in its response to BKJ's motion to dismiss that could possibly establish an implied contract or a quasi-contract between KBC and BKJ, none of these factual allegations are contained in KBC's Third Party Complaint.  Accordingly, the Court finds that KBC's breach of contract claim against BKJ should be dismissed.

4

B.       Recovery against bond claims against BKJ and EMCC

Under the Miller Act, a prime contractor on a federal construction project must post a payment bond to protect those who have a direct contractual relationship with either the prime contractor or a subcontractor. *J. W. Bateson Co., Inc. v. United States ex rel. Bd. of Trustees of the Nat'l Automatic Sprinkler Indus. Pension Fund*, 434 U.S. 586, 587 (1978). The Miller Act provides:

> A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made.

40 U.S.C. § 3133(b)(2). The United States Supreme Court has held that the word "subcontractor" as used in the Miller Act must be construed as being limited to meaning one who contracts with a prime contractor. *Bateson*, 434 U.S. at 875-78.

BKJ and EMCC contend that KBC does not have a direct contractual relationship with BKJ nor does it have any direct contractual relationship with BKJ's subcontractor, Morgan. BKJ and EMCC, therefore, assert that KBC is not entitled to bring a claim against the bond. KBC asserts that it can bring an action against the bond because it had a contract, either an implied contract, a quasi-contract, or an express oral contract, with BKJ.

As set forth above, the Court finds that KBC's Third Party Complaint is devoid of any factual allegations which could plausibly establish either an implied contract or a quasi-contract between KBC and BKJ. Additionally, the Court finds that KBC's Third Party Complaint is devoid of any factual allegations which could plausibly establish an express oral contract between KBC and BKJ or any contractual relationship between KBC and Morgan. Because KBC has not set forth

5

sufficient allegations to plausibly establish a direct contractual relationship with BKJ or Morgan, the Court finds that KBC can not bring a claim to recover on the bond against BKJ or EMCC. Accordingly, the Court finds that KBC's claims to recover on the bond against BKJ and EMCC should be dismissed.

      C.      <u>Indemnity claims against BKJ and EMCC</u>

> Indemnity is a right which enures to a person who has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other. It implies a primary liability in one person, although a second person is also liable to a third party. Some benefit must have accrued to the indemnitor, the person primarily liable.

*Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc.*, 251 F.2d 97, 99 (10th Cir. 1957).

Further,

> [t]he right to indemnity is not limited to cases where there is an express agreement to that effect. A right to implied indemnity may arise out of a contractual or a special relationship between parties and from equitable considerations. In the case of noncontractual indemnity, the right rests upon fault of another which has been imputed or constructively fastened upon him who seeks indemnity.

*Cent. Nat'l Bank of Poteau v. McDaniel*, 734 P.2d 1314, 1316 (Okla. Civ. App. 1986).

KBC has brought claims against all third party defendants, seeking indemnity and reimbursement of all costs, interest, and fees for CLP's claims. BKJ and EMCC assert that KBC has no right to indemnity from them. In its responses, KBC contends that it has an implied right of indemnity against both BKJ and EMCC, as BKJ's surety, because KBC has an implied contractual or quasi-contractual relationship with BKJ. KBC also asserts that even if there was no contractual relationship between KBC and BKJ, equitable considerations dictate that KBC be allowed to bring an indemnity claim against BKJ and EMCC. Specifically, KBC contends that BKJ reaped the

benefits of the work performed by KBC and CLP and that CLP not being paid is a result of BKJ not paying for the work completed.

As set forth above, the Court finds that KBC's Third Party Complaint is devoid of any factual allegations which could plausibly establish either an implied contract or a quasi-contract between KBC and BKJ.  The Court, therefore, finds that KBC can not maintain indemnity claims against BKJ and EMCC based upon an implied right of indemnity as a result of any contractual relationship between KBC and BKJ.  The Court further finds that KBC has not sufficiently alleged indemnity claims against BKJ and EMCC based upon equitable considerations.  While KBC sets forth numerous factual allegations regarding BKJ's alleged failure to pay for the work completed and the benefits BKJ reaped as a result of the work KBC and CLP performed in its responses to the motions to dismiss and while these factual allegations could possibly establish a right to indemnity based upon equitable considerations, none of these factual allegations are contained in KBC's Third Party Complaint.  Accordingly, the Court finds that KBC's indemnity claims against BKJ and EMCC should be dismissed.

IV.  Conclusion

For the reasons set forth above, the Court GRANTS EMCC's Motion to Dismiss [docket no. 35] and BKJ's Motion to Dismiss [docket no. 36] and DISMISSES all claims asserted against EMCC and BKJ in KBC's Third Party Complaint.

**IT IS SO ORDERED this 19th day of August, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE