## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLP RESOURCES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KENTUCKY BLUEGRASS ) <br> CONTRACTING, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> KENTUCKY BLUEGRASS ) <br> CONTRACTING, LLC, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PPR/LION'S PRIDE CONSTRUCTION ) <br> SYSTEMS, LLC; MORGAN BUILDINGS ) <br> AND SPAS INC.; BKJ SOLUTIONS, ) <br> INC.; TRAVELERS CASUALTY AND ) <br> SURETY COMPANY OF AMERICA; and ) <br> EMPLOYERS MUTUAL CASUALTY ) <br> COMPANY, ) <br> ) <br> Third Party Defendants. ) | Case No. CIV-08-1198-M |

## **ORDER**

Before the Court is third party defendants Morgan Buildings and Spas, Inc. ("Morgan") and Travelers Casualty and Surety Company of America's ("Travelers") Joint Motion for Judgment, filed January 6, 2010. On January 26, 2010, defendant/third party plaintiff Kentucky Bluegrass Contracting, LLC ("KBC") filed its response, and on February 2, 2010, Morgan and Travelers filed their reply.

I.  Background

This case involves a federal construction project at Fort Sill, Oklahoma (the "Project"). The Project consisted of new housing construction at Fort Sill, a United States Army base near Lawton, Oklahoma. The owner of the Project is the United States Army Corps of Engineers, who contracted with BKJ Solutions, Inc. ("BKJ"). BKJ subcontracted part of its work to Morgan, which secured a non-Miller Act surety bond provided by Travelers. Morgan subcontracted part of its part of the work to PPR/Lion's Pride Construction ("PPR"). PPR then subcontracted part of its part of the work to KBC. KBC then subcontracted with CLP Resources, Inc. to provide casual labor to work on KBC's part of the work.

KBC asserts third party claims against Morgan and Travelers for breach of contract, indemnification, and payment under the surety bond. Morgan and Travelers now move, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to all of KBC's third party claims against them.

II.  Discussion

A.  Standard of Review

When reviewing a motion for judgment on the pleadings under Rule 12(c), the court applies the same standard that applies to a Rule 12(b)(6) motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that

2

> are merely consistent with a defendant's liability, it stops short of the
> line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Finally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

### B. Breach of Contract Claim Against Morgan

Morgan asserts that there is no express contract between Morgan and KBC and that KBC is not an intended third-party beneficiary of the express written subcontract between Morgan and PPR. In its response, KBC contends that it has a viable claim for breach of an implied contract or quasi-contract against Morgan.

> In order to raise an implied contract to pay for services, several things are necessary. . . . First, the services must have been performed under such circumstances as to give the recipient thereof some reason to think they are not gratuitous, nor performed for some other person, but with the expectation of compensation from the recipient. . . . Second, in order to raise an implied contract to compensate for them, the services must have been beneficial to the person sought to be made liable.

*Popplewell v. Gregory*, 189 P.2d 941, 942 (Okla. 1947) (internal quotations and citation omitted). A quasi-contract "is an implication of law" and "is a mere fiction, imposed in order to adapt the case to a given remedy." *T & S Inv. Co. v. Coury*, 593 P.2d 503, 504 (Okla. 1979).

Having carefully reviewed KBC's Second Amended Third Party Complaint, the Court finds that KBC has not alleged sufficient factual matter, accepted as true, to state a breach of contract claim against Morgan that is plausible on its face. Specifically, the Court finds that KBC's Second Amended Third Party Complaint fails to set forth sufficient factual allegations which could plausibly establish either an implied contract or a quasi-contract between KBC and Morgan. While KBC specifically alleges that BKJ received the benefit of KBC's work, KBC does not allege that Morgan received the benefit of KBC's work, a required element for an implied contract to pay for services claim. Additionally, without any factual allegation that Morgan retained the benefits of the work performed, the Court finds KBC has failed to set forth sufficient factual allegations that it would be inequitable for Morgan not to pay KBC for the work it performed in order to recover under a quasi-contract theory. Accordingly, the Court finds that Morgan is entitled to judgment on the pleadings as to KBC's breach of contract claim.

C.  Claim Against Morgan's Bond

In their motion, Morgan and Travelers contend that KBC cannot maintain a Miller Act claim. KBC, however, is not asserting a Miller Act claim against Morgan but is simply making a claim against Morgan's bond, secured by Travelers.[1] Having carefully reviewed KBC's Second Amended Third Party Complaint, the Court finds that KBC has alleged sufficient factual matter, accepted as

---

[1] KBC concedes that the bond is not a Miller Act bond.

true, to state a claim against Morgan's bond that is plausible on its face.[2] Accordingly, the Court finds that Morgan and Travelers are not entitled to judgment on the pleadings as to KBC's claim against Morgan's bond.

### D. Indemnity Claim

> Indemnity is a right which enures to a person who has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other. It implies a primary liability in one person, although a second person is also liable to a third party. Some benefit must have accrued to the indemnitor, the person primarily liable.

*Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc.*, 251 F.2d 97, 99 (10th Cir. 1957).

Further,

> [t]he right to indemnity is not limited to cases where there is an express agreement to that effect. A right to implied indemnity may arise out of a contractual or a special relationship between parties and from equitable considerations. In the case of noncontractual indemnity, the right rests upon fault of another which has been imputed or constructively fastened upon him who seeks indemnity.

*Cent. Nat'l Bank of Poteau v. McDaniel*, 734 P.2d 1314, 1316 (Okla. Civ. App. 1986).

KBC has brought claims against all third party defendants, seeking indemnity and reimbursement of all costs, interest, and fees for CLP's claims. Morgan and Travelers assert that KBC has no right to indemnity from them. In its response, KBC contends that it has an implied right of indemnity against both Morgan and Travelers, as Morgan's surety, because KBC has an implied contractual or quasi-contractual relationship with Morgan. KBC also asserts that even if there was

---

[2] In their reply, Morgan and Travelers assert that KBC's claim against Morgan's bond should be dismissed because KBC has not alleged that a notice of claim was timely made to Morgan. This issue, however, was raised for the first time in Morgan and Travelers' reply, and KBC has not had the opportunity to respond. Because this issue was raised for the first time in Morgan and Travelers' reply, the Court will not address this issue.

no contractual relationship between KBC and Morgan, equitable considerations dictate that KBC be allowed to bring an indemnity claim against Morgan and Travelers.

As set forth above, the Court finds that KBC's Second Amended Third Party Complaint is devoid of any factual allegations which could plausibly establish either an implied contract or a quasi-contract between KBC and Morgan. The Court, therefore, finds that KBC can not maintain indemnity claims against Morgan and Travelers based upon an implied right of indemnity as a result of any contractual relationship between KBC and Morgan. The Court further finds that KBC has not sufficiently alleged indemnity claims against Morgan and Travelers based upon equitable considerations. Accordingly, the Court finds that Morgan and Travelers are entitled to judgment on the pleadings as to KBC's indemnity claim.

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Morgan and Travelers' Joint Motion for Judgment [docket no. 79] as follows:

(A) The Court GRANTS the motion for judgment as to KBC's breach of contract claim against Morgan and KBC's indemnity claim against Morgan and Travelers, and

(B) The Court DENIES the motion for judgment as to KBC's claim against Morgan's bond.

**IT IS SO ORDERED this 2nd day of July, 2010.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE