IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLP RESOURCES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KENTUCKY BLUEGRASS ) <br> CONTRACTING, LLC, and PPR/LYON'S ) <br> PRIDE CONSTRUCTION SYSTEMS, ) <br> LLC, ) <br> ) <br> Defendants, ) <br> ) <br> KENTUCKY BLUEGRASS ) <br> CONTRACTING, LLC, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PPR/LYON'S PRIDE CONSTRUCTION ) <br> SYSTEMS, LLC; MORGAN BUILDINGS ) <br> AND SPAS INC., and TRAVELERS ) <br> CASUALTY & SURETY CO. OF ) <br> AMERICA, ) <br> ) <br> Third Party Defendants. ) | Case No. CIV-08-1198-M |

## ORDER

Before the Court is defendant/third party plaintiff Kentucky Bluegrass Contracting, LLC's ("KBC") Motion for Entry of Default Judgment as to Defendant PPR/Lyon's Pride Construction Systems, LLC, filed July 13, 2010. On that same date, third party defendants Morgan Buildings and Spas, Inc. ("Morgan") and Travelers Casualty & Surety Co. of America ("Travelers") filed their Opposition to Kentucky's Motion for Entry of Default Judgment.

A review of the file reveals defendant/third party defendant PPR/Lyon's Pride Construction Systems, LLC ("PPR") has been served and has failed to timely answer or otherwise respond to

KBC's Third Party Complaint and is, therefore, in default. Further, on July 8, 2010, the Clerk's Entry of Default against PPR was filed. However, a review of the file reveals that the remaining third party defendants are not in default. Additionally, in their opposition to KBC's motion for entry of default judgment, Morgan and Travelers assert that the defenses available to them on KBC's remaining claims are identical to the defenses PPR would be entitled to assert if not for its failure to appear, and they request the Court to decline to issue any default judgment against PPR until after KBC's remaining claims as to Morgan and Travelers are fully adjudicated.

As a general rule, when several defendants have closely related defenses, judgment should not be entered against a defaulting defendant until the matter has been adjudicated with regard to all defendants with the closely related defenses. *See* 10A Wright, Miller, & Kane, Federal Practice and Procedure Civil § 2690 (3d ed. 1998). Because Morgan, Travelers, and PPR have closely related defenses, the Court finds that default judgment should not be entered against PPR until KBC's claims have been adjudicated with regard to Morgan and Travelers.

Accordingly, the Court DENIES, at this time, KBC's Motion for Entry of Default Judgment as to Defendant PPR/Lyon's Pride Construction Systems, LLC [docket no. 112].

**IT IS SO ORDERED this 13th day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE