## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLP RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1198-M |
| | ) | |
| KENTUCKY BLUEGRASS | ) | |
| CONTRACTING, LLC, and PPR/LION'S | ) | |
| PRIDE CONSTRUCTION SYSTEMS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| KENTUCKY BLUEGRASS | ) | |
| CONTRACTING, LLC, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PPR/LION'S PRIDE CONSTRUCTION | ) | |
| SYSTEMS, LLC; MORGAN BUILDINGS | ) | |
| AND SPAS, INC.; BKJ SOLUTIONS; | ) | |
| TRAVELERS CASUALTY & SURETY | ) | |
| CO. OF AMERICA, and EMPLOYERS | ) | |
| MUTUAL CASUALTY COMPANY, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## ORDER

Before the Court is defendant Kentucky Bluegrass Contracting, LLC's ("KBC") Rule 60

Motion for Relief from Judgment, filed January 15, 2013.  On January 17, 2013, plaintiff filed its

response.  On January 18, 2013, KBC filed its reply, and on January 24, 2013, KBC filed its

Supplement to Motion for Relief from Judgment.   On February 5, 2013, plaintiff filed a

Supplemental Brief, and on February 12, 2013, KBC filed its response to plaintiff's supplemental

brief.

On June 22, 2010, this Court entered a judgment in favor of plaintiff and against KBC in the total amount of $111,653.46.  After the judgment was entered, KBC, through its counsel, entered into negotiations with plaintiff, through its counsel of record Gray Strickland, to compromise the judgment.  On December 15, 2010, Mr. Strickland wrote KBC's counsel indicating that he was authorized to accept $87,500.00 for a release of judgment.  On December 17, 2010, after further negotiation, KBC, through its counsel, and plaintiff, through Mr. Strickland, reached an agreement to compromise the judgment for $85,000.00.  On December 30, 2010, KBC paid plaintiff the agreed upon sum of $85,000.00 by wire transfer to Mr. Strickland's Client Trust Account.  Plaintiff asserts that it never received said payment from Mr. Strickland.[1]

KBC asserts that it has fully performed its obligations under its settlement agreement with plaintiff by paying the agreed upon sum of $85,000, which was received and accepted by plaintiff's counsel, Mr. Strickland, on December 30, 2010.  KBC contends that based upon the above, the judgment has been released and moves this Court, pursuant to Federal Rule of Civil Procedure 60,[2] for an order relieving it from the June 22, 2010 judgment entered against it in this matter.

---

[1]Initially, plaintiff contended that no compromise of the judgment amount was authorized by plaintiff.  However, attached to plaintiff's supplemental brief is an email where plaintiff's senior corporate counsel, Manal Boulos, gave his approval for settling for $80,000.00.

[2]Rule 60(b)(5) provides:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> *          *          *
> (5)     the judgment has been satisfied, released or discharged; . . .
> .

Fed. R. Civ. P. 60(b)(5).

Plaintiff contends that the judgment should not be released because the alleged settlement agreement is completely lacking in consideration.  Specifically, plaintiff asserts that there was no benefit or consideration flowing to plaintiff in exchange for surrendering a quarter of its judgment. In response, KBC contends that plaintiff did receive separate consideration for the compromise of the judgment – KBC forbearing appeal.  KBC specifically states that immediately after judgment was entered in favor of plaintiff against KBC, KBC's counsel and plaintiff's counsel, Mr. Strickland, initiated negotiations to compromise the judgment.  KBC states that although the agreement to compromise the judgment was not finalized until December, negotiations began in June.  KBC further states that its bargaining chip was forbearance of exercising its right to appeal the judgment and that if plaintiff had declined to enter into negotiations to compromise the judgment, KBC could have exercised its right to appeal.  Additionally, KBC states that at the time the judgment was entered, KBC was on the brink of bankruptcy and possessed insufficient assets to satisfy the judgment.  KBC contends that an immediate payment of $85,000.00 would be preferable to pennies on the dollar if judgment enforcement activities forced KBC into bankruptcy.  Alternatively, KBC contends that even if there were no consideration, the compromise of plaintiff's judgment is enforceable pursuant to the doctrine of promissory estoppel.

Having carefully reviewed all of the parties' submissions on this matter, the Court finds that plaintiff and KBC entered into a binding settlement agreement, that KBC performed all of its obligations under that agreement, including the payment of $85,000.00, that the June 22, 2010 judgment has been released, and that KBC should be relieved from the June 22, 2010 judgment. Specifically, the Court finds that plaintiff did receive consideration for the compromise of the judgment – both KBC forbearing its appeal and receiving an immediate payment of $85,000 in light

3

of the fact that KBC was on the brink of bankruptcy and possessed insufficient assets to satisfy the judgment.

Additionally, the Court finds that even if there were no consideration, the compromise of plaintiff's judgment is enforceable pursuant to the doctrine of promissory estoppel. The elements of promissory estoppel are "(1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promisee would rely upon it, (3) reasonable reliance upon the promise to the promisee's detriment and (4) hardship or unfairness can be avoided only by the promise's enforcement." *Russell v. Bd. of Cnty. Comm'rs, Carter Cnty.*, 952 P.2d 492, 503 (Okla. 1997). Specifically, the Court finds that plaintiff promised KBC that in return for a payment of $85,000.00, plaintiff would not enforce its judgment against KBC, that it was foreseeable that KBC would rely on such a promise by paying the $85,000.00, that KBC reasonably relied on plaintiff's promise to its detriment in that it paid $85,000, and that it would be unfair to KBC to enforce the judgment against it over two years after KBC paid the $85,000.00. While this Court is sympathetic to plaintiff's situation – its counsel allegedly not paying the $85,000.00 to it, the Court does not find that KBC should suffer the consequences for plaintiff's counsel's actions.

Accordingly, the Court GRANTS KBC's Rule 60 Motion for Relief from Judgment [docket no. 153] and, pursuant to Rule 60(b)(5), RELIEVES KBC from the Court's June 22, 2010 judgment against it.

**IT IS SO ORDERED this 27th day of February, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE